UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEPHANIE O'CONNOR,<br><br>　　　　　　　　　　Plaintiffs,<br>v.<br>NATIONAL DEFAULT SERVICING CORPORATION,<br><br>　　　　　　　　　　Defendant. | Case No. 3:13-cv-00274-MMD-WGC<br><br>ORDER<br><br>(Plf.'s Motion to Remand – dkt. no. 11;<br>Def.'s Motion to Dismiss – dkt. no. 4) |

I.　**SUMMARY**

Before the Court are Plaintiff Stephanie O'Connor's Motion to Remand to State Court (dkt. no. 11) and Defendant National Default Servicing Corporation's ("NDSC") Motion to Dismiss (dkt. no. 4). For the reasons set forth below, Plaintiff's Motion to Remand is denied and Defendant's Motion to Dismiss is granted.

II.　**BACKGROUND**

Plaintiff Stephanie O'Connor purchased the property located at 8920 Red Baron Boulevard, Reno, Nevada. (Dkt. no. 1, ex. 1 at 1.) Ms. O'Connor obtained a loan of $204,000 ("the Loan") from BankUnited, FSB, and executed a promissory note ("Note") that was secured by a deed of trust on the property ("Deed of Trust") for $204,000. (Dkt. no. 1, ex. 3.) The Deed of Trust names BankUnited, FSB, as lender but identifies no

trustee. (*Id.*) The Deed of Trust was signed on June 7, 2006, and recorded on July 19, 2006,[1] in the official records of Washoe County, Nevada. (*Id.*)

On September 27, 2011, a Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default") was recorded by NDSC. (Dkt. no. 9, ex. 1.)

On January 9, 2012, a Substitution of Trustee ("the Substitution") was executed stating that an original trustee was not set-out in the Deed of Trust and designating NDSC as the trustee. (Dkt. no. 9, ex. 5.) The Substitution was recorded on July 19, 2012. (*Id.*)

NDSC executed a Notice of Trustee's Sale ("Notice of Sale") on August 20, 2012, setting a sale date of September 20, 2012. (Dkt. no. 9, ex. 2.) The Notice of Sale was recorded on August 21, 2012. (*Id.*)

The Trustee's Deed Upon Sale was executed on October 23, 2012, and recorded on October 30, 2012. (Dkt. no. 9, ex. 3.)

### III.  MOTION TO REMAND

#### A.  Legal Standard

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

---

[1] The Notice of Sale (dkt. no. 9, ex. 2) states that the Deed of Trust was recorded on June 19, 2006, but the Deed of Trust (dkt. no. 1, ex. 3) lists the recorded date as July 19, 2006.

2

To establish subject matter jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties, and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Where a defendant removes a plaintiff's state action on the basis of diversity jurisdiction, the defendant must either: (1) demonstrate that it is facially evident from the plaintiff's complaint that the plaintiff seeks in excess of $75,000, or (2) prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional limit. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004). In considering what evidence may be considered under (2) above, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgment[sic]-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

For jurisdictional purposes, the amount in controversy is determined by the amount at stake in the underlying litigation. *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). In determining the amount in controversy, a district court may consider the amount of compensatory and punitive damages recoverable based on plaintiff's complaint as well as attorney fees, but may not consider interest and cost of suit. *Meisel v. Allstate Indem. Co.*, 357 F. Supp. 2d 1222, 1225 (citing *Hunt v. Wash. State Apple. Adver. Comm'n*, 432 U.S. 333, 347-48 (1977)).

B. **Discussion**

Defendant has met its burden in establishing diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiff herself acknowledges that the parties are diverse as Plaintiff is a resident of Washoe County, Nevada, and Defendant is a foreign corporation with its principle place of business in Phoenix Arizona. (*See* dkt. no. 1, ex. 1 ¶¶ 1, 2.) "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State*

3

*Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977). As the Deed of Trust lists the amount of the debt secured as $204,000 (dkt. no. 1, ex. 3), the amount in controversy requirement is satisfied. Given that the parties are diverse and the amount in controversy requirement is met, the Court will exercise jurisdiction over this dispute.

## IV.     MOTION TO DISMISS

### A.     Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal,* 556 US 662, 678 (2009) (*citing Papasan v. Allain,* 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly,* 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678 (internal citation omitted).

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged — but not shown — that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks

omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

**B.    Discussion**

    **1.    Claim 1: Issuance of Void Notices Under N.R.S. 107.080 for Lack of Standing**

There is no "issuance of void notices under N.R.S. 107.080 for lack of standing" cause of action that has been recognized in Nevada. However, "[a] document filed *pro se* is to be liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Based on the substance of the allegations within this cause of action, the Court construes it as a defective foreclosure claim under N.R.S. § 107.080.

In the Complaint, Plaintiff alleges that NDSC served a notice of default upon her, and recorded the notice of default with the Washoe County Recorder on September 27, 2011. (*See* dkt. no. 1, ex. 1 ¶ 8.) Plaintiff argues that "NDSC was not a duly appointed trustee or substitute trustee and had no legal authority to issue a notice of default or to exercise the power of sale." (*See id.*) Plaintiff continues that because NDSC did not have standing as a trustee, the sale was not valid and should be nullified. (*See id.* ¶ 9.)

Defendant admits that it was neither the original trustee under the Deed of Trust, nor a substitute trustee at the time it sent the Notice of Default. (*See* dkt. no. 10 at 3.) NDSC was substituted as trustee, however, before it issued the Notice of Sale and Trustee's Deed Upon Sale. (Dkt. no. 9, exs. 2, 3.)

However, at the time the Notice of Default was issued, NRS 107.080 did not require that a particular party — trustee, beneficiary, or their assigns — record notices of default or trustee sale. *See Berilo v. HSBC Mortg. Corp., USA*, No. 2:09-CV-2353, 2010

WL 2667218, at *4 (D. Nev. June 29, 2010). Additionally, Nevada did not require that a substitution of trustee be recorded prior to notice of default. *See id.*[2] The law only required that a party filing a notice of default be an agent of the beneficiary. *Nev. ex rel. Bates v. Mortgage Elec. Registration Sys., Inc.*, No. 3:10-CV-00407, 2011 WL 1582945, at *5 (D. Nev. Apr. 25, 2011) ("[A]ny party [the beneficiary] commands to file a notice of default is by that fact alone a proper party as the beneficiary's agent.").

Plaintiff carries a significant burden if she attempts to demonstrate that NDSC was not an agent acting under the authority of the beneficiary at the time the Notice of Default issued. But even if she were to succeed in demonstrating that "a rogue title company [NDSC] file[d] a notice of default without the knowledge of the beneficiary — the Court has not yet seen such a case — the filing becomes proper if the beneficiary later ratifies the act after discovering what has occurred." *Bates*, 2011 WL 1582945, at *5 (citing *Edwards v. Carson Water Co.*, 34 P. 381, 386-89 (Nev. 1893). Here, the fact that NDSC was later substituted as a trustee "is practically insurmountable evidence of ratification," the agency doctrine that allows for a principal to retroactively authorize an actor's prior conduct. *Id.*; *see* Restatement (Third) of Agency § 4.03. Accordingly, Plaintiff's first claim, construed as a defective foreclosure claim under N.R.S. § 107.080, must fail.

### 2.   Claim 2: Enforcement of Notice of Lis Pendens

There is no cause of action in Nevada for "enforcement of notice of lis pendens." While it appears that Plaintiff is seeking the same relief as is found in a quiet title claim, as Plaintiff states that "[t]itle to the property should revert to Plaintiff O'Connor," Plaintiff has not satisfied the requirements for a quiet title claim. In Nevada, a quiet title action

---

[2] While Plaintiff notes that Nevada Assembly Bill 284 added a number of conditions to a trustee sale under NRS § 107.080, Defendant is correct that these changes did not take effect until October 1, 2011. While originally the changes were to take effect on July 1, 2011, on June 20, 2011, the Governor approved Assembly Bill 273, which amended the effective date of AB 284 to October 1, 2011, and amended §14.5 of the bill to provide that the amendments would only apply to notices of default filed on or after October 1, 2011. *See* Assemb. B. 273 § 5.9, 76th Leg., Reg. Sess. (Nev. 2011).

may be brought "by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." NRS § 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev.1996). "Additionally, an action to quiet title requires a plaintiff to allege that she has paid any debt owed on the property." *Lalwani v. Wells Fargo Bank, N.A.*, No. 2-11-cv-84, 2011 WL 4574388, at *3 (D. Nev. Sep. 30, 2011) (*citing Ferguson v. Avelo Mortg., LLC*, No. B223447, 2011 WL 2139143, at *2 (Cal. App. 2d June 1, 2011)). In this case, Plaintiff has not claimed that she has paid all debt and in fact acknowledges that she fell behind on her payments.[3] Plaintiff's second claim, construed as a quite title claim, must fail.

### 3. Claim 3: Unconscionable Adhesion of Contract

Plaintiff's third claim, "unconscionable adhesion of contract," is, like Plaintiff's other claims, not a viable cause of action in Nevada. The Court knows of no recognized cause of action that Plaintiff may be attempting to reference. To the extent that this claim relates to defective foreclosure, the Court has addressed that claim in Section IV.B.1 *supra*. The Court dismisses Plaintiff's third claim.

### V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

///

///

///

---

[3] Plaintiff states that she "made timely payments until July 1, 2010, when she discovered that BankUnited, FSB, no longer existed." (*See* dkt. no 1, ex. 1 ¶ 7.)

7

It is therefore ordered that Plaintiff's Motion to Remand (dkt. no. 11) is denied.

It is further ordered that Defendants' Motion to Dismiss (dkt. no. 4) is granted.

DATED THIS 10th day of February 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE